IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE M. TOFFEL, Trustee, | ] |
| Plaintiff, | ] |
| v. | ] 2:15-cv-01669-KOB |
| NATIONWIDE MUTUAL INS. CO., et al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION AND ORDER

This case arises out of a dispute over insurance coverage for state court judgments totaling approximately 15 million dollars entered against The Nineteenth Street Investments, Inc. for violating Alabama's dram shop law. Plaintiff Andre M. Toffel, Trustee of the Bankruptcy Estate of Nineteenth Street, brought claims of negligent and/or wanton failure to procure insurance coverage; breach of contract; bad faith refusal to defend, indemnify, and settle; and recovery of property of estate. (Doc. 1-1). This matter was initially filed as an adversary proceeding in the Bankruptcy Court for the Northern District of Alabama, but was transferred to this court after the undersigned granted Plaintiff's Motion to Withdraw the Reference. (Doc. 7); *see* (Doc. 1). This court then dismissed Plaintiff's Complaint based on insufficient service of process and because Plaintiff's claims were barred by the applicable statute of limitations. (Doc. 22). The court simultaneously denied Plaintiff's Motion for Leave to Amend Complaint. (*Id.*).

This matter now comes before the court on Plaintiff's Rule 59(e) Motion to Alter or Amend. (Doc. 24). Mr. Toffel argues that manifest errors of law and fact support altering or

1

amending the court's dismissal order.

I. **DISCUSSION**

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted). Mr. Toffel must "demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit Co. of Maryland v. Am. Consertech, Inc.*, No. 06-0338-CG-M, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

A. **Dismissal for Insufficient Service of Process**

Regarding insufficient service of process, the court found in dismissing Plaintiff's Complaint that Plaintiff presented prima facie evidence of valid service in the form of executed returns of service. The court noted that the prima facie evidence was weaker than usual because the Certificates of Service were completed by the Plaintiff's attorney rather than a process server and because Plaintiff's attorney did not file the Certificates until fourteen months after the date on which he allegedly mailed the summonses and Complaints. In any event, the court found that Defendants presented "strong and convincing evidence" sufficient to overcome Plaintiff's evidence of valid service. *See In re Premium Sales Corp.*, 182 B.R. 349, 351 (Bankr. S.D. Fla. 1995).

Specifically, Defendants' signed, sworn statements attested to their normal procedures for receiving summons, which suggested that they would have a record of receiving the summons if

2

they had been served; Defendants are sophisticated businesspeople who are familiar with handling summonses; *none* of the three Defendants received the summons and Complaint; and the lapse of time between the alleged mailing and the filing of the Certificates of Service was suspicious. This evidence indicated that Plaintiff did not serve the Defendants.

Mr. Toffel argues in his Motion that Defendants had actual notice of this lawsuit but failed to inform Mr. Toffel's attorney that they had not been served with the summons and Complaint, making dismissal under Federal Rules of Civil Procedure 12(b)(5) and 4(m) unjust. He argues that even in the absence of good cause for delay, a court may extend the time to perfect service beyond the 120-day deadline where circumstances warrant an extension. *Prince Hotel, S.A. v. Blake Marine Grp.*, 858 F. Supp. 2d 1287, 1292 (S.D. Ala. 2012). "Relevant circumstances may include, for example, such factors as whether the statute of limitations would bar a refiled action, whether the defendant evaded or concealed a defect in service, and **whether the defendant had actual notice of the suit**." *Id.* (emphasis added) (citation omitted).

First, Mr. Toffel points to language in November 2014 emails between Valrey Early, Plaintiff's attorney, and Kori Clement, Nationwide's attorney, demonstrating that Mr. Early and Ms. Clement spoke on the phone in September 2013 to discuss this lawsuit. Mr. Toffel argues that the language of the emails indicates that Ms. Clement knew of the lawsuit shortly after Mr. Toffel allegedly mailed the summonses and Complaints.

Second, Mr. Toffel attacks the credibility of Defendant Pat Donalson's declaration, maintaining that Ms. Donalson's statement that she first learned of this proceeding in November 2014 is contradicted by her other testimony. Ms. Donalson declares that her "routine practice is to forward any legal papers to Nationwide Mutual Insurance Company," and the evidence

3

indisputably shows that the Bankruptcy Court for the Northern District of Alabama mailed Ms. Donalson scheduling orders in the adversary proceeding in December 2013 and April 2014. (Doc. 9-2 at 6 ¶ 3). The inference, according to Mr. Toffel, is that Ms. Donalson was aware of this suit.

Third, Mr. Toffel calls into question Mara Velasco's declaration, in which Ms. Velasco maintains that CT Corp., Defendant Nationwide's registered agent, maintains records of all documents it receives for Nationwide and has no record of receiving a summons or complaint in this case. Mr. Toffel argues that the declaration is not credible because Ms. Velasco does not explain how she conducted her search or address whether CT Corp. received the bankruptcy scheduling orders.

Mr. Toffel's arguments do not satisfy his burden to "set forth facts or law of a strongly convincing nature" that demonstrate a manifest error of law or fact. *See Fidelity & Deposit Co.*, 2008 WL 4080270, at *1 (quoting *Cover*, 148 F.R.D. at 295). Rather, they represent an attempt to re-litigate the substance of the Motion to Dismiss, in reliance upon arguments and evidence that could have been presented during the first go-round.

Even taking into consideration the new cases and facts Mr. Toffel presents, strong and convincing evidence establishes that Defendants were not served. The court finds that no good cause explains Mr. Toffel's failure to perfect service and that "relevant circumstances" do not warrant extending the deadline for service here. *See Prince Hotel*, 858 F. Supp. 2d at 1292 (citation omitted); *see, e.g.*, *In re Anderson*, 179 B.R. 401, 407 (D. Conn. 1995) (finding good cause for plaintiff's failure to timely perfect service under Federal Rule of Bankruptcy Procedure 7004(f) by mailing summons and complaint within 10 days of summons issuance, where

4

defendants *actually received* summons and complaint within twenty days of complaint's filing but "lay in wait" and did not move to dismiss under F.R.C.P. 4(j) until after 120-day window passed). Defendants would be prejudiced by permitting Plaintiff to serve them now, after Mr. Toffel waited fourteen months to take *any* action in his case. Especially because the court alternatively finds that the applicable statute of limitations bars Mr. Toffel's claims, the court **DENIES** Plaintiff's request to alter or amend its holding dismissing the Complaint for improper service of process.

      **B.**      **Dismissal Based on Statute of Limitations**

In dismissing Plaintiff's Complaint, the court alternatively found that Mr. Toffel's negligent/wanton procurement and bad faith claims were barred by the applicable two-year statute of limitations. Because Mr. Toffel simultaneously sought to amend his Complaint to eliminate the breach of contract claim, the court did not address the breach of contract claim.

Mr. Toffel argues that the statute of limitations for his procurement and bad faith refusal to defend and indemnify claims did not begin to run until the Alabama Supreme Court affirmed the underlying state court judgments against Nineteenth Street.

Mr. Toffel's assertion that his claims did not accrue until the affirmance of the state court judgments by the Alabama Supreme Court condenses to the position that his claims are third-party liability insurance claims and should thus be treated differently from first-party insurance claims for purposes of the statute of limitations. The court already considered and rejected this argument in previously deciding that Mr. Toffel's claims were time-barred. Further, the court cannot say that it made a manifest error of law in so holding. None of the new cases Mr. Toffel cites in his Rule 59(e) motion refutes that conclusion, and he could have presented those cases

and arguments based on them in his original response to the Motion to Dismiss.

The court notes specifically that, as to Mr. Toffel's "Bad Faith Refusal to Defend, Indemnify and Settle" claim, the court did not previously and does not now distinguish between Mr. Toffel's various bad faith theories because they all depend on Nationwide's initial rejection of coverage under the policy. Because Nationwide expressly disclaimed coverage in its July 19, 2007 letter to Nineteenth Street, never undertaking to indemnify, defend, or settle, Mr. Toffel's bad faith claims are not third-party claims at all, but first-party claims alleging a failure to honor insurance benefits. *See, e.g.*, *Sabbah v. Nationwide Mut. Ins. Co.*, No. 2:15-CV-1772-VEH, 2017 WL 1953432, at *16 (N.D. Ala. May 11, 2017) (explaining and following, in a parallel case, this court's approach in identifying the bad faith claims as first-party "refusal to honor insurance benefits" claims).

Accordingly, the court **DENIES** Plaintiff's request to alter or amend its holding dismissing the Complaint on statute of limitations grounds.

### C.  Denial of Motion for Leave to Amend Complaint

The court denied Mr. Toffel's Motion for Leave to Amend simultaneously with granting the Motion to Dismiss. The court found that Mr. Toffel's proposed amendment would be futile, that Mr. Toffel had acted with undue delay in moving for leave to amend, and that amendment would unduly prejudice Defendants. Mr. Toffel contends that he did not act with undue delay in moving to amend his Complaint and that Defendants would not be prejudiced by amendment.

Mr. Toffel's presentation of the timeline of events in bankruptcy court does not persuade this court that it erred whatsoever, much less manifestly, in concluding that Mr. Toffel's failure to move for leave to amend or respond *at all* to Defendants' Motion to Dismiss for nearly a year

6

after they filed the motion constituted undue delay.

As to prejudice, Mr. Toffel's arguments that (1) the pendency of the underlying litigation resulted in delay; (2) the hearing on the motion to dismiss was continued five times, only once at Mr. Toffel's request; and (3) Defendants waived any prejudice by responding to the bankruptcy court's order to show cause why it should not abstain, do not convince the court to alter its conclusion that "it would be unduly prejudicial to the Defendants to wipe Toffel's slate clean and to allow Toffel to file an Amended Complaint when he has not show diligence in pursuing his claims thus far." (Doc. 22 at 20).

The court **DENIES** Mr. Toffel's request to alter or amend its denial of his Motion for Leave to Amend Complaint.

## II.   CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Rule 59(e) Motion to Alter or Amend.

**DONE** and **ORDERED** this 9th day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE